856 F.2d 1116
 Danuta JURZEC, as Trustee for the heirs of Wieslaw Jurzec, Appellant,
v.
AMERICAN MOTORS CORPORATION, American Motors Sale
Corporation, Jeep Corporation,
The United States of America, Appellee.
 No. 87-5431.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1988.
Decided Sept. 9, 1988.
 
 Susan Richard Nelson, Minneapolis, Minn., for appellant.
 E. Roy Hawkens, Washington, D.C., for appellees.
 Before HEANEY, and MAGILL Circuit Judges, and EDWARDS,* Senior Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 On November 23, 1984, Wieslaw Jurzec purchased a 1973 Jeep DJ-5, C model vehicle, a used Postal Service delivery truck. The Postal Service sold the jeep on April 19, 1983, to Shepard Iverson, who then sold the jeep to Patti Boekhoff, who, in turn, sold the jeep to Jurzec. On May 25, 1985, Jurzec died from injuries sustained when the jeep rolled over while making a turn.
 
 
 2
 In 1974, the Postal Service began selling surplus DJ-5 Jeeps to the public under 39 U.S.C. 401(5), which gives the Postal Service the power to acquire and sell personal property. The Postal Service became aware of a potential rollover problem with this model jeep in December of 1980. The Office of Fleet Management for the Postal Service suspended sales of these jeeps in March of 1982 because of concerns about potential liability amongst other economic and political considerations. After two months, Robert K. St. Francis, director of the Office of Fleet Management, determined that sales of the jeeps should resume, with several changes, including warnings about the jeeps' potential rollover characteristic in the contract, in the operator's manual and by a label on the dash. Sales resumed with the following warning label:
 
 OWNER--DRIVER CAUTION
 
 3
 This multi-purpose vehicle handles and maneuvers differently from an ordinary passenger car. It is designed with greater road clearance, shorter wheel base and narrower tread. It may not be suitable for use as a passenger car.
 
 
 4
 . Owners and drivers not familiar with this specially designed vehicle should read the instructions in Publication 56-A, Owner's Guide-Light Delivery Truck, before operating the vehicle.
 
 
 5
 . Do not operate this vehicle without wearing seatbelts.
 
 
 6
 . Do not operate this vehicle with doors open.
 
 
 7
 . Sudden sharp turns and abrupt maneuvers may result in overturning this vehicle, loss of control or other accidents.
 
 
 8
 . This vehicle is designed for light delivery use.
 
 
 9
 LABEL 126-A/APRIL 1982.
 
 
 10
 Danuta Jurzec, appellant, brought this action against the United States pursuant to the Federal Tort Claims Act (FTCA). She alleged that the United States was liable for the wrongful death of her husband, Wieslaw Jurzec. Specifically, the appellant challenged the adequacy of the warning provided by the Postal Service regarding the handling characteristics of the jeep. Chief Judge Donald D. Alsop of the United States District Court for the District of Minnesota granted the government's motion for summary judgment on the ground that the claim against the United States is barred by the discretionary function exception to the FTCA, 28 U.S.C. Sec. 2680(a). Danuta Jurzec contends on appeal that the district court erred in applying the discretionary function exception to dismiss the FTCA claim against the United States.
 
 
 11
 On the facts of this case, we affirm.
 
 
 12
 The FTCA provides a waiver of sovereign immunity for tort claims against the United States. 28 U.S.C. Sec. 2674. There are several exceptions to this waiver of sovereign immunity. One of these exceptions is the discretionary function exception. The FTCA shall not apply to:
 
 
 13
 [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
 
 
 14
 28 U.S.C. Sec. 2680(a).
 
 
 15
 A case falling within the discretionary function exception lacks subject matter jurisdiction. Myslakowski v. United States, 806 F.2d 94, 96 (6th Cir.1986); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir.1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). As a result, the only issue presented is whether or not decisions as to the nature and content of the warning about the potential rollover problem fall within this exception to the FTCA.[1]
 
 
 16
 Appellant asserts that, simply because the Postal Service is acting as a seller of the jeeps, a traditionally non-governmental role, rather than a regulator, the Postal Service's actions cannot fall within the exception. This logic runs square against Supreme Court precedent stating that "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case."[2] United States v. S.A. Empresa De Viacao Aerea Rio Grandese (Varig Airlines), 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660, 674 (1984). The government, as a seller, can and, given the facts of this case, does make a public policy determination. Even the status of a regulator, while a factor in determining whether the exception applies, is not conclusive. Berkovitz v. United States, 486 U.S. ----, ----, 108 S.Ct. 1954, 1960, 100 L.Ed.2d 531, 542 (1988).
 
 
 17
 Appellant also argues that the Postal Service decision as to the nature and content of the warning did not involve balancing social, economic and political considerations, and the discretionary function exception, therefore, does not apply to this action. See Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2764, 81 L.Ed.2d at 674. The congressional purpose of the discretionary function exception was to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic and political policy. Id. The Supreme Court, in Berkovitz, articulated this purpose as it related to a Bureau of Biologics of the Food and Drug Administration implementation of licensing requirements. Berkovitz, 486 U.S. at ---- - ----, 108 S.Ct. at, 1963-64, 100 L.Ed.2d at 546-48. In the Berkovitz case, the Court first determined that if the Bureau of Biologics had an adopted policy of both testing all vaccine lots for compliance with safety standards and preventing the distribution to the public of any lots that fail to comply, the Bureau conduct could fall outside the exception. Id. 486 U.S. at ----, 108 S.Ct. at 1964, 100 L.Ed.2d at 547. The petitioners in Berkovitz alleged both that there was this adopted policy leaving no room for any discretionary policy-making and that the implementing officials at the Bureau of Biologics knowingly failed to abide by the adopted policy. Id. The appellant in this case argues that the decision of the director of the Office of Fleet Management for the Postal Service to warn created a similar directive that left no room for any further discretion in the policy's implementation of the nature and content of the warning.
 
 
 18
 Given the facts of this case, appellant's conclusion is incorrect for two reasons. The appellant mistakenly assumes that the Postal Service could have only considered public safety. The Postal Service may have also considered other economic and political public policy considerations. Secondly, assuming, but not deciding, that the appellant is correct that the Postal Service was directed to account for public safety when it determined the nature and content of the warning, the instant warning sufficiently operated to serve that purpose. If the warning operates to serve public safety, all that remains are matters of particular language, color and size of the warning. All these matters are clearly within the discretion of the Postal Service.
 
 
 19
 This case is also distinguishable from three recent Eighth Circuit decisions finding that the government conduct questioned was outside the discretionary function exception. In Mandel v. United States, 793 F.2d 964 (8th Cir.1986), Mandel, a twenty-two year old man, dove into the Buffalo National River at a location recommended for swimming by a park ranger, struck his head on a submerged rock, and broke his neck. As a result, he is a quadriplegic. The ranger did not warn Mandel of submerged rocks, and there were no warnings posted in the area. Both failures to act were contrary to a policy of the Park Service to warn park patrons about submerged rocks. Id. at 967. This is different on its facts from the instant case where the Postal Service provided the required warning but may have, according to the appellant, been negligent by failing to provide an adequate warning. In Mandel, the alleged negligence was the complete failure of Park Service personnel to comply with the previously adopted policy, rather than their negligent implementation of the policy. Id.
 
 
 20
 The Mandel panel cited for support an Eighth Circuit decision made a month earlier, Aslakson v. United States, 790 F.2d 688 (8th Cir.1986). In Aslakson, this Court found two grounds for excluding the case from discretionary function exception. Initially, the Court determined that the Western Area Power Administration (WAPA) arguably failed to meet the prescribed standards of the 1948 National Electrical Safety Code (NESC) to which WAPA was bound. Id. at 692. Failure to meet the 1948 NESC standards would mean that WAPA's conduct was outside the discretionary function exception. Id. The Court, however, went on and stated that, even assuming that WAPA met the NESC standards, WAPA's conduct was still outside the exception because "WAPA's policy clearly required it to elevate its power lines if safety considerations compelled such action." Id. at 693. Because of this requirement, WAPA officials had no opportunity to consider competing public policy considerations. Id. In the instant case, the appellant, on the other hand, provides no evidence that the Postal Service officials were directed by the decision to warn to take specific action regarding the nature and content of the warning.
 
 
 21
 Finally, the Eighth Circuit, in McMichael, again focused most of its discussion of the discretionary function exception on whether the government actor had to follow a specific directive. McMichael v. United States, 751 F.2d 303, 305-07 (1985). McMichael dealt with a government contractor failing to meet safety requirements and three quality assurance inspectors from the Defense Department also failing to assure that all supplies and services accepted for the government met contractual requirements and Armed Services Procurement regulations. Id. at 307. The inspectors' procedures included following a specific fifty-one procedures checklist for safety compliance. Id. "Thus, the Defense Department inspectors were not called upon to make discretionary regulatory judgments. Rather, they had a number of precise inspections to perform which involved no judgment concerning agency policy." Id.
 
 
 22
 This case differs from the above three cases because the Postal Service officials did not fail to meet any specific directive or requirement in its decision on the nature and content of the warning. Appellant suggests that, if we allow this conduct to fall within the discretionary function exception, the Postal Service could have written the warning in Japanese or made the warning so small that it was imperceptible while escaping liability due to the exception. This suggestion is without merit. Once the Postal Service decided to warn the user about potential rollover problems, the label only had to, but still must, function as a warning. A label in Japanese or an imperceptibly small label would not meet this test.
 
 
 23
 We affirm the district court's ruling that the United States be granted summary judgment because the government's conduct falls within the discretionary function exception. We are in agreement with the district court when it said:
 
 
 24
 This is not a case where Postal Service employees failed to comply with safety regulations. Had this case involved a plaintiff who claimed the warning was not posted on the dash of his vehicle in violation of the Postal Service's policy, the result might very well be different. The discretionary function exception exists to protect "judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy." Varig Airlines, at 467 U.S. at 814, 104 S.Ct. at 2765.
 
 
 25
 Jurzec v. United States, Slip Op. at p. 6 (D.Minn. Sept. 17, 1987).
 
 
 
 *
 The HONORABLE GEORGE C. EDWARDS, JR., United States Senior Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The appellant admits that the decision to warn falls within the discretionary function exception. Appellant's brief at 25
 
 
 [2]
 The government presents a similar argument, stating that, due to the particular administrative context and the governmental rank of the postal official making the decision, the questioned action is "inherently" within the discretionary function exception. Appellee's brief at 16; appellee's supplemental brief at 10. This argument is equally without merit because the argument again focuses on the status of the actor, rather than the nature of the decision-making process