Oscar BEAN, Appellant,

v.

David DORMIRE; Dan Kempker; Earl Halderman; Cecil Pettus; John Doe, Appellees.

No. 93–1796.

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1993.

Decided Nov. 4, 1993.

Opinion Ordered Published Nov. 30, 1993.

Oscar Bean, appellant pro se.

Bruce Farmer, Asst. Atty. Gen., Jefferson City, MO, for appellees.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

■ Oscar Bean appeals from an order entered in the United States District Court[1] for the Western District of Missouri staying his 42 U.S.C. § 1983 action pending exhaustion of the prison's certified grievance procedures. Because the district court's order is not a final appealable order and does not fall within the collateral order doctrine, we dismiss the appeal for lack of jurisdiction.

Bean, an inmate at the Jefferson City Correctional Center, alleged that, on August 10, 1992, he was denied due process when he was not provided minimum procedures at his disciplinary hearing relating to a conduct violation for assault that he received on August 5, 1992. Bean claimed he was confined to administrative segregation based on insufficient evidence to support the violation. Bean sought declaratory relief, damages, and attorneys fees.

The district court granted defendants' motion to stay the proceedings for ninety days pending exhaustion of the certified grievance procedure under 42 U.S.C. § 1997e, stating that the grievance procedure may provide Bean with the relief he seeks and that the case law suggests that the grievance procedure is part of the due process inmates receive during the disciplinary process. The district court also denied without prejudice Bean's motion for preliminary injunction, his motion for sanctions against defendants for failing to comply with discovery requests, and his motion for default judgment against defendant Groose.

Bean appeals, arguing the district court erred in staying the action and in denying his

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

motion for sanctions or default judgment. Appellees first argue that the district court's order is not a final appealable order and does not fall within the collateral order doctrine. On the merits, appellees argue the district court did not abuse its discretion in staying the action.

■ Stay orders ordinarily are not final appealable orders under 28 U.S.C. § 1291, unless they come within the collateral order exception. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). To fit within the collateral order doctrine, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted).

We have previously determined that a stay order in a prisoner's 42 U.S.C. § 1983 action pending exhaustion of state postconviction remedies under *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987), is immediately appealable as a collateral order. *Munz v. Nix,* 908 F.2d 267, 270 (8th Cir.1990). Unlike *Offet,* where issues decided in a state habeas action may have a preclusive effect on the federal civil rights action, or unlike a situation in which res judicata would bar a future federal suit where a stay is ordered pending completion of a parallel state proceeding, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), exhaustion of certified grievance procedures does not have a res judicata/collateral estoppel effect on the federal court action. Thus, the stay order here does not conclusively determine the disputed question because Bean is not precluded from pursuing his claims in federal court following an adverse decision by the grievance review process.

Although the stay order is "effectively unreviewable on appeal," Bean will not be deprived of any right to present his original claims in federal court. Because the stay order fails to satisfy all three requirements, it is not appealable under the collateral order exception. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988).

Similarly, the district court's order denying sanctions and a default judgment are not final appealable orders. Accordingly, we dismiss for lack of jurisdiction. Bean's motion for appointment of counsel is denied.