**Wasim AZIZ, Appellant,**

**James Guice; Adull Haqq Shabazz; Ansar Muhdi; David Thrasher; John R. Sims, Plaintiffs,**

v.

**Dick D. MOORE; Michael Groose; Robert Acree, Appellees.**

No. 92–3128.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 25, 1993.

Decided Nov. 2, 1993.

Rehearing Denied Dec. 9, 1993.

Wasim Aziz, pro se.

Barbara J. Wood, Asst. Atty. Gen., argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Wasim Aziz, a Missouri inmate, appeals from the district court's [1] order granting defendants' motion to dismiss and denying his motion for injunctive relief.[2]  Aziz and other

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

2. Aziz seeks to appeal on behalf of other plaintiffs, contending his assignment to protective cus-

inmates filed this 42 U.S.C. § 1983 action claiming violations of the First and Fourteenth Amendments. They named as defendants the Missouri Department of Corrections (MDC) director and the superintendent and institutional manager of the Jefferson City Correctional Center. Plaintiffs alleged that prison staff responded to fights and possession of knives in the All–Faiths Chapel by conducting searches in the Muslim areas and restricting Muslim inmates' access to worship and study. Plaintiffs alleged that officials removed all but two file cabinets of religious files and legal materials for religious lawsuits, and limited access to the Muslim library to times when the prison chaplain was present; limited Muslim access to the chapel, even during Ramadan, to one and one-half hours a day, and only one-half hour on Wednesdays; and limited Muslim prayer, worship, and classes to once a day. Plaintiffs further alleged that officials compelled Muslims who were on religious "outcount" to attend religious services. Before defendants answered, Aziz filed a motion seeking to have defendants preliminarily enjoined from issuing violations to inmates on religious outcount who do not attend services.

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They asserted that the complaint conceded the alleged restrictions were imposed in response to the discovery of knives in the chapel, and that those restrictions did not prohibit plaintiffs from exercising their religious freedom. Plaintiffs responded to the motion by arguing, inter alia, that officials restricted Muslim inmates' access to their religious books, but did not place similar restrictions on Christian inmates. Aziz also asserted that he had received a conduct violation for not being at religious services when his name was on an outcount.

Aziz later filed a "second amended complaint" purporting to add the MDC Coordinator of Chaplains and Services as a defendant, and alleging that the coordinator refused the Muslim Imam authority to oversee and coordinate Muslim religious services and activities. After the magistrate judge recommended denying injunctive relief and granting the motion to dismiss, Aziz submitted to the court "evidence in support of second amended complaint," alleging that officials refused to allow the Muslim chaplain to visit him while he served time in "the hole" after three Muslims stabbed him in the chapel. Shortly afterward, the magistrate judge denied leave to amend the complaint.

The district court adopted the magistrate judge's report in its entirety, granting defendants' motion to dismiss and denying Aziz's motion for injunctive relief.

■ Aziz's contention on appeal that the district court treated the motion to dismiss as one for summary judgment is without merit, as neither the motion nor the order granting the motion brought up matters outside the pleadings. The complaint alleged that restrictions imposed on the Muslim inmates were a response to fights and the discovery of weapons in the chapel. Thus, on the face of the complaint, the restrictions were rationally connected to the legitimate penological interests of institutional order and security. *See Turner v. Safley,* 482 U.S. 78, 89–90, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987) (logical connection must exist between regulation and government interest); *see also O'Lone v. Estate of Shabazz,* 482 U.S. 342, 350, 107 S.Ct. 2400, 2405, 96 L.Ed.2d 282 (1987) (institutional order and security are legitimate penological interests). Furthermore, the allegations themselves show that the restrictions left reasonable opportunities for Muslim inmates to exercise their faith: the complaint states how much time Muslims were allowed each day for worship, and states that Muslims were to attend worship services pursuant to the outcount policy. *See O'Lone,* 482 U.S. at 351–52, 107 S.Ct. at 2405–06. According the prison administrators the deference due them on such matters, *see id.,* at 353, 107 S.Ct. at 2407, we conclude the district court properly dismissed the complaint for failure to state a claim.

---

tody prevented him from obtaining their signatures on the notice of appeal that reads "Wasim Aziz, et al." We conclude, however, that Aziz is the only appellant. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317–18, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1987).

The district court also correctly denied Aziz's motion for injunctive relief. Federal courts must abstain from imposing injunctions on prison officials "in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir.1982). Aziz sought an injunction against the issuance of disciplinaries for failure to attend services while on religious outcount. The complaint indicates that the outcount policy was part of the response to the chapel problem. Because Aziz did not show a probability of success on the merits, *see Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc), the district court's denial of injunctive relief was not an abuse of discretion. *See Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir.1989) (en banc) (standard of review).

We note that Aziz's proposed amendment to the complaint called into question the prison's provision of a Muslim chaplain to minister to him and other Muslim inmates. We cannot be certain that this amendment, had it been allowed, would not have stated a claim for relief. *See Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir.1991).

Accordingly, we affirm, but without prejudice to Aziz's pursuing in a separate action his proposed amended claim.