Bradley KANE; Cynthia Kane, Appellants,

v.

UNITED STATES of America; Keith Farris; Allen W. Trammell; Trammell & Company Real Estate, Inc., Appellees.

No. 93-2545.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1993.

Decided Jan. 3, 1994.

Appellant pro se.

Jeffrey P. Kehne, and Janet F. Katz, Washington, DC, for appellees.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Bradley Kane [1] appeals from the final order entered in the United States District Court [2] for the Eastern District of Arkansas, dismissing under the discretionary function exception his Federal Tort Claims Act (FTCA) claim, 28 U.S.C. §§ 2674, 2680(a), and dismissing his claim under the Comprehensive Environmental Response, Compensa-

---

1. Although Cynthia Kane is named in the notice of appeal, she did not sign the notice nor is her name on the briefs.

2. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas.

tion, and Liability Act (CERCLA), 42 U.S.C. §§ 9601–9657. For the reasons discussed below, we affirm.

In June 1989, Bradley and Cynthia Kane purchased a residence from the Veteran's Administration (VA), which had acquired the property as a result of a foreclosure in February 1989. The property, advertised in the local newspaper as having electrical and plumbing problems, was to be sold in "as is" condition. The VA contracted with a private management broker to maintain and market the property for sale. Two appraisers for the Kanes' lender inspected and appraised the property and reported the property was in average condition. In January 1990, the Kanes first discovered hazardous asbestos in the residence.

The Kanes brought this action against the United States, the management broker and the appraisers.[3] The Kanes claimed that the VA, as owner and operator of the residence, was strictly liable under CERCLA for releasing a hazardous substance and causing them to incur costs, and the VA was negligent in failing to inform them of the true condition of the property. The Kanes sought damages.

The government moved to dismiss or alternatively for summary judgment. The district court granted the government's motion and dismissed the FTCA claim under the discretionary function exception. Noting the difference between decision-making at the planning level and at the operational level, the district court concluded that the Kanes relied too much on the manner in which inspections were to be conducted rather than the conspicuous absence of asbestos from the list of things for which a VA property management broker should look. The district court concluded that the VA's action in excluding inspection for asbestos, whether an intentional decision or not, was an exercise of its policymaking prerogative and, thus, covered by the discretionary function exception.

The district court also dismissed the CERCLA claim, agreeing with the government that the Kanes' house was not a "facility," that asbestos installed in and in current use in a building constituted a "consumer product in consumer use," and that the placing of the asbestos in the house was not "disposal" of a hazardous substance within the meaning of CERCLA.

■ On appeal, Bradley Kane reiterates his CERCLA arguments presented below. Kane argues the district court erred in dismissing the FTCA claim because the government did not prove that the VA's actions involved an element of judgment and that the judgment was grounded in social, economic, and political policy. Kane argues that the VA violated a mandatory policy to warn the public of asbestos and that there was no government function to be protected in not providing warning. Kane additionally argues that the VA was not acting here in a governmental function or as a regulatory agency; rather, the VA acted as a private individual engaged in a common law tort. To construe public policy so broadly as to include this private-like action, Kane argues, is to deny the remedial intent of the FTCA.

The FTCA provides a waiver of sovereign immunity for tort claims against the United States. 28 U.S.C. § 2674. The FTCA, however, shall not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The exception covers acts that are discretionary in nature which involve an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 321, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991). Where a statute, regulation, or policy specifically prescribes a course of action for the employee to follow, there is no judgment or choice. *Id.* Here,

---

**3.** Because Kane appeals only the dismissal of the FTCA and CERCLA claims against the United States, we do not discuss the other claims.

there is no statute, regulation, or policy specifically mandating the inspection for asbestos. The regulations which authorize the VA to contract with private management brokers to manage and market property for sale also do not require the VA to supervise or to require the inspection for asbestos.

 Even if the conduct involves an element of judgment, the exception "protects only governmental actions and decisions based on considerations of public policy." *Berkovitz by Berkovitz v. United States,* 486 U.S. 531, 537, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988). In *Gaubert,* the Supreme Court held that when governmental policy allows for the exercise of discretion, an agent's acts when exercising that discretion are presumed to be grounded in the policy. 499 U.S. at 323, 111 S.Ct. at 1274. In determining whether the challenged actions are grounded in the policy, "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 324, 111 S.Ct. at 1275 (footnote deleted).

Whether the VA was acting in a regulatory capacity or on an operational level (as opposed to a planning-level), is not definitive in determining whether the actions fit within the exception. *See id.* at 330, 111 S.Ct. at 1278; *Jurzec v. American Motors Corp.,* 856 F.2d 1116, 1118 (8th Cir.1988). Day-to-day decisions, made in furtherance of the policy, may be protected under the exception. Courts have protected agency decisions relating to " 'the extent to which [an agency] will supervise the safety procedures of private individuals,' because of the impact of those decisions on the 'feasibility and practicality' of a government program with respect to 'staffing and funding' and the 'efficient allocation of agency resources.' " *Kirchmann v. United States,* 8 F.3d 1273, 1277–78 (8th Cir.1993) (quoting *United States v. S.A. Empresa de Viacaó Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 819–20, 104 S.Ct. 2755, 2767–68, 81 L.Ed.2d 660 (1984)). Here, under the administration of the housing loan program, the VA's policy is to sell acquired property quickly and at the best attainable price. Pursuant to this policy, the VA hired a management broker to clean the grounds and building, to minimize the risk of loss, to prevent damage by the elements, and to protect the property from theft and vandalism. There were no requirements, statutory or regulatory, mandating the VA or its assignees to inspect for asbestos. Thus, the district court correctly dismissed the FTCA claims against the government.

 We also believe the district court correctly dismissed the CERCLA claim. Under CERCLA, those persons who may be held liable for costs incurred in responding to the release of hazardous substances include: persons who owned or operated facilities when the hazardous substance disposal occurred, 42 U.S.C. § 9607(a)(2), and owners of the hazardous substances who arranged for disposal or treatment of those substances at a facility, *id.* § 9607(a)(3). Both of these sections require the release or the disposal of a hazardous substance at a "facility."

Under the statute, the term "facility" means "(A) any building, structure, installation, equipment, ... or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located; but does not include any consumer product in consumer use or any vessel." *Id.* § 9601(9).

 In *Dayton Independent School District v. United States Mineral Products Co.,* 906 F.2d 1059, 1065 & n. 4 (5th Cir.1990), the Fifth Circuit has held that a "facility" could include the building materials into which the asbestos was disposed, as well as the buildings themselves into which the asbestos-containing materials were installed. The court further stated, however, that Congress "intended to provide recovery only for releases or threatened releases from inactive and abandoned waste sites, not releases from useful consumer products in the structure of buildings." *Id.* at 1066. We agree with the Fifth Circuit's reasoning and hold in the present case that Kane's property was a consumer product in consumer use and thus exempt under CERCLA. The government's temporary ownership of the property for sale does not convert an otherwise consumer

product in consumer use into something else. We need not address whether the government was an "owner or operator" under section 9607(a)(2) [4] or whether it "arranged for disposal" under section 9607(a)(3).

Accordingly, we affirm the district court's judgment.

---

4. *See United States v. McLamb,* 5 F.3d 69, 72–73 (4th Cir.1993) (a secured creditor that becomes an owner through foreclosure and makes reasonably prompt efforts to divest itself of its ownership does not lose its protection under CERCLA's security interest exception, 42 U.S.C. § 9601(20)(A)); *Waterville Indus., Inc. v. Finance Auth.,* 984 F.2d 549, 553 (1st Cir.1993) (lender/lessor).