27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Wasim AZIZ, Appellant,
Macy Jones; James Kirkland, Plaintiffs,
v.
Michael GROOSE; Jody Jackson; Dora Schriro, Appellees.
 No. 93-3868.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 21, 1994.
Filed: June 24, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wasim Aziz, a Missouri inmate, appeals from the District Court's[1] order continuing a stay, disallowing Aziz to act as attorney for co-plaintiffs, and denying his motions for injunctive relief and to compel discovery. We affirm.
 
 
 2
 Aziz, Macy Jones, and James Kirkland filed a 42 U.S.C. Sec. 1983 action against Missouri Department of Corrections officials alleging, inter alia, that a policy requiring the attendance of a corrections officer, a corrections volunteer, or a chaplain at religious meetings discriminates against Muslim inmates. Plaintiffs stated that they had filed a grievance regarding the issue.
 
 
 3
 The District Court granted defendants' motion to stay the proceedings for ninety days pending plaintiffs' exhaustion of the prison's certified grievance procedure. Purporting to act on behalf of plaintiffs, Aziz requested the court to enjoin "defendants from denying [plaintiffs] any religious services at all." The court, in light of the stay, denied the request for injunctive relief without prejudice. Aziz then filed two additional requests for injunctive relief and a motion to compel defendants to answer interrogatories.
 
 
 4
 The magistrate judge noted that the stay had automatically lifted after ninety days and that, of the three plaintiffs, only Aziz had filed copies of his grievance papers with the court, although he did not serve the documents on defendants. The magistrate judge therefore continued the stay to allow all of the plaintiffs to exhaust administrative remedies, and recommended denying Aziz's motions for injunctive relief without prejudice. Upon de novo review, the court adopted that recommendation and further held that Aziz could not act as attorney for Jones and Kirkland.
 
 
 5
 We review the denial of injunctive relief and of discovery motions for an abuse of discretion. Aziz v. Moore, 8 F.3d 13, 15 (8th Cir. 1993) (per curiam) (injunctions); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam), cert. denied, 114 S. Ct. 209 (1993) (discovery). Because Aziz's underlying action has been stayed, the District Court did not abuse its discretion in denying the requests for injunctive relief or the motion to compel without prejudice to his refiling them after the stay is lifted.
 
 
 6
 The District Court correctly held that Aziz cannot represent or bring claims on behalf of other prisoners. See 28 U.S.C. Sec. 1654 (1988); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Likewise, because Aziz is not an attorney, he cannot sign pleadings for Jones and Kirkland.
 
 
 7
 Finally, stay orders are not appealable unless they come within the collateral order exception to the final-judgment rule. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). The stay order here does not fall within that exception because exhaustion of the certified grievance procedure does not have a res judicata/collateral estoppel effect precluding Aziz from pursuing his claim in federal court following an adverse decision by the grievance review process. Bean v. Dormire, 10 F.3d 538, 539 (8th Cir. 1993) (per curiam).
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri