34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Wasim AZIZ; Appellant,
Larry GRIFFIN; Terry Gee; Eric Preston Clark; Kevin
Hurley; Jerome Wilhite; Rickey Lee Pruitt;
George Brown, Plaintiffs,
v.
Michael Groose; Dave Dormire; Dick Moore, Appellees.
 No. 94-1618.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 29, 1994.
Filed: August 17, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wasim Aziz[1] appeals from the district court's[2] order granting summary judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Jefferson City Correctional Center (JCCC) inmate Aziz sued JCCC officials and the Missouri Department of Corrections director, claiming that a recently adopted JCCC policy unconstitutionally restricted access to the courts and violated the First, Sixth, Eighth, and Fourteenth Amendments, as the policy limited the number of inmates who could use the law library at one time and required inmates to choose between going to recreation and using the law library. Aziz also filed motions for preliminary injunctions, numerous discovery motions, and a motion for recusal of the magistrate judge, all of which were denied.
 
 
 3
 Defendants moved for summary judgment, arguing that the law library policy was constitutional and reasonably related to legitimate interests in fire and safety requirements, space constrictions, and institutional safety and security. They asserted that the policy provides extra law library access for inmates with pending cases and allows up to thirty inmates in the law library. Defendants contended that Aziz had meaningful access to the courts and that he had not shown sufficient harm.
 
 
 4
 The magistrate judge recommended granting defendants summary judgment. The magistrate judge determined that Aziz had not identified cases he claimed he lost due to the policy or shown that the unfavorable action was related to restricted library access. The magistrate judge also determined that Aziz had not shown the law library policy constituted cruel and unusual punishment merely because he may have had less recreation time. In his objections, Aziz identified lawsuits he had recently lost. Upon de novo review, the district court adopted the magistrate judge's recommendation and granted defendants summary judgment. Aziz timely appealed, arguing that the court erred in granting summary judgment and in denying his motions for preliminary injunctions and for discovery. Aziz also argues that the magistrate judge erred in not recusing himself.
 
 
 5
 This court reviews de novo the grant of summary judgment. See McMaster v. Pung, 984 F.2d 948, 951 (8th Cir. 1993). An inmate has a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, prison regulations that impinge on fundamental rights are valid if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Furthermore, a claim regarding restricted access to the law library "must assert actual injury or prejudice." Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).
 
 
 6
 It is undisputed that Aziz retains access to the law library. Furthermore, the JCCC policy of granting inmates law library access during recreation time and limiting to thirty the number of inmates in the library at one time is based on legitimate safety and security concerns. Aziz did not show that the policy caused him injury or prejudice. The most recent allegation-that Aziz lost specific court cases because of the policy-did not set forth facts showing how the policy resulted in negative judgments. As to Aziz's Eighth Amendment claim regarding the effect of the library policy on recreation opportunities, he did not show that he suffered a sufficiently serious deprivation or that officials had a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 302-04 (1991).
 
 
 7
 Regarding the denial of his discovery motions, Aziz did not show gross abuse of discretion resulting in fundamental unfairness. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam), cert. denied, 114 S. Ct. 209 (1993). Similarly, the district court's denial of preliminary injunctions was not an abuse of discretion, as Aziz did not show probability of success on the merits. See Aziz v. Moore, 8 F.3d 13, 15 (8th Cir. 1993) (per curiam). Last, the magistrate judge's failure to recuse himself was not an abuse of discretion because Aziz did not establish the existence of personal bias or prejudice. See West v. United States, 994 F.2d 510, 512 (8th Cir. 1993).
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 Although plaintiffs Eric P. Clark and Rickey Pruitt are named in the notice of appeal, they did not sign the notice or any other appeal documents. Thus, there is no indication they intended to be a part of this appeal which Aziz filed pro se. See Fed. R. App. P. 3(c); Kane v. United States, 15 F.3d 87, 87 n. 1 (8th Cir. 1994)
 
 
 [2]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri