No. 94-4009

Frank W. Askew, Jr.,                          *
                                              *
        Appellant,                            *
                                              *
    v.                                        *
                                              *
W. Freeman, CO-1; Lt. Brown,                  *
Delta Regional Unit, Arkansas                 *
Department of Correction; Major    *
Larry D. Jordan, Delta Regional    *
Unit, Arkansas Department of                  *
Correction; J. Gasaway,                       *
Assistant Warden, Delta Regional   *
Unit, Arkansas Department of                  *
Correction; S. Frank Thompson,                *
Warden, Delta Regional Unit,                  *
Arkansas Department of                        *
Correction; M. Fox, Inmate,                   *
Delta Regional Unit, Arkansas                 *    Appeal from the United States
Department of Correction; R.                  *    District Court for the
Byrd, Inmate, Delta Regional                  *    Eastern District of Arkansas.
Unit, Arkansas Department of                  *
Correction; G. McCree, Inmate,                *    (UNPUBLISHED)
Delta Regional Unit, Arkansas                 *
Department of Correction; Dr. H.  *
W. Thomas, Delta Regional Unit,               *
Arkansas Department of                        *
Correction; Charlie Hopper,                   *
Disciplinary Hearing Officer,                 *
Delta Regional Unit, Arkansas                 *
Department of Correction; G.                  *
Phillips, Correctional Officer,               *
Delta Regional Unit, Arkansas                 *
Department of Correction; James    *
Thomas, Infirmary Manager, Delta  *
Regional Unit, Arkansas                       *
Department of Correction; B.                  *
Phillips, CO-1; Gammel, CO-1,                 *
                                              *
        Appellees.                            *


                          _____

            Submitted:  December 7, 1995

               Filed:  December 18, 1995

_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

In this civil rights action under 42 U.S.C. § 1983, Frank W. Askew, Jr., an Arkansas inmate, appeals the district court's[1] order denying his request for a preliminary injunction against prison officials and his motion to compel discovery. We affirm the order of the district court.

Askew alleged even though he suffers from epileptic seizures and a physician recommended that he not use sharp tools, prison officials forced him to do fieldwork chopping down trees using sharp instruments. Askew also alleged prison medical personnel accused him of faking seizures. Askew sought a preliminary injunction to prevent defendants from assigning him to field duty, and to require defendants to recognize his medical condition.

The district court denied the motion for a preliminary injunction, concluding Askew had not shown a threat of irreparable harm and granting relief would contravene public policy. The district court also denied Askew's motion to compel discovery.

We conclude the district court did not abuse its discretion in denying the motion for injunctive relief. In Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981), this court identified four factors district courts must consider in deciding whether to grant a preliminary injunction: 1) the threat of irreparable harm to the movant; 2) the state of the balance between this harm and the injury that granting the injunction will inflict

---

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

on other parties litigant; 3) the probability that the movant will succeed on the merits; and 4) the public interest.  Dataphase, 640 F.2d at 113. Although no single factor is dispositive, id., a movant must establish a threat of irreparable harm; without a finding of irreparable injury a preliminary injunction should not be issued.  Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

We agree Askew did not show the threat of irreparable harm.  Even assuming Askew has had seizures, only one of several physicians who have examined Askew expressed a concern about Askew working with sharp objects, and Askew did not identify any incidents in the field attributable to his seizures.  Under these facts, any threat of harm is speculative.  See Local Union No. 884 v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1355 (8th Cir. 1995).  We also agree Askew has not demonstrated a probability of success on the merits.  See Aziz v. Moore, 8 F.3d 13, 15 (8th Cir. 1993) (per curiam).

Finally, we conclude the district court did not abuse its discretion in refusing to compel discovery of records already produced.  See Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454, 457 (8th Cir. 1995) (district court's refusal to compel discovery reviewed for gross abuse of discretion).

Accordingly, we affirm.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.