# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2775EM

_____

Ricardo Carmichael,

        Appellee,

v.

Carl White,

        Appellant.

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: December 17, 1998
Filed: December 23, 1998

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

FAGG, Circuit Judge.

Missouri prisoner Ricardo Carmichael filed this federal habeas action asserting his 1997 probation revocation proceedings did not comply with procedural due process. In response, the State of Missouri asserted that Carmichael had not exhausted his state-court remedies under Missouri Supreme Court Rule 91, and that there is no time limitation for filing a Rule 91 petition. Carmichael conceded he had mistakenly filed his petition in federal rather than state court, and sought to have the federal action either held in abeyance or dismissed without prejudice. The district court ordered the action "stayed for a period of 90 days so [Carmichael] may seek habeas corpus relief in the

Missouri Court of Appeals under . . . Rule 91." The State appeals the order staying the action for ninety days. We reverse and remand.

Initially, Carmichael contends we lack jurisdiction to review the district court's ruling because it is not a final order. See 28 U.S.C. § 1291 (1994). The State contends we have jurisdiction to review the ruling under the collateral order doctrine.

Although our jurisdiction is generally limited to reviewing a district court's final decisions ending litigation on the merits, see id., we can immediately review a small class of collateral orders that do not terminate the underlying lawsuit, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). To qualify for appeal, a collateral order must conclusively decide a disputed question that is important and distinct from the case's merits and the decision must be effectively unreviewable on appeal from a judgment. See Munz v. Nix, 908 F.2d 267, 270 (8th Cir. 1990); see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); Bean v. Dormire, 10 F.3d 538, 539 (8th Cir. 1993) (per curiam).

Applying these factors, the only circuit to consider the question has held a district court's order holding a habeas petition in abeyance pending exhaustion of state remedies is an appealable collateral order. See Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997). We agree with the Third Circuit's assessment and conclude the ruling in our case falls within the collateral order doctrine. First, the order from which Smith appeals finally resolves the disputed question of whether the district court may hold an unexhausted habeas petition in abeyance for ninety days. See id. at 205. Contrary to Carmichael's contention, the ninety-day stay is not inherently tentative, but conclusively decides that a ninety-day stay to allow pursuit of state remedies is a permissible procedural option when a federal habeas petition contains at least one unexhausted claim. See id.; see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988). Second, this procedural question is important and is separate from the merits of the due process issue raised in the underlying habeas

action.  See Christy, 115 F.3d at 205-06.  Third, we could not effectively review the stay's propriety after Carmichael exhausts his state remedies and presents his exhausted petition to the federal courts.  See id. at 206.  Because the order appealed in this case satisfies the requirements of the collateral order doctrine, we have jurisdiction to review the order.

Turning to the merits, we conclude the district court lacked power to enter a ninety-day stay for Carmichael to pursue state remedies.  We have already held that a district court has no authority to hold a habeas petition containing unexhausted claims in abeyance absent truly exceptional circumstances, such as when state remedies are inadequate or fail to afford a full and fair adjudication of federal claims, or when exhaustion in state court would be futile.  See Victor v. Hopkins, 90 F.3d 276, 279-80 & n.2, 282 (8th Cir. 1996), cert. denied, 117 S. Ct. 1091 (1997).  Carmichael contends Victor does not control because that case involved an indefinite stay of federal proceedings rather than the ninety-day stay involved in this case.  We hold the principle of comity behind the decision in Victor applies equally to a ninety-day stay.

Carmichael also asserts the record does not show his petition contains unexhausted claims.  With respect to every claim in his petition, however, Carmichael had the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed.  See Darr v. Burford, 339 U.S. 200, 218-19 (1950); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 118 S. Ct. 1352 (1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  Carmichael did not do so.  Indeed, in admitting he meant to file his federal petition in state court, Carmichael essentially conceded his claims were not exhausted.

In sum, we conclude the district court's ruling staying Carmichael's federal habeas action for ninety days is an appealable collateral order, and the district court should have dismissed Carmichael's petition without prejudice for failure to exhaust

state remedies.  Given the State's representations in the district court and on appeal, Carmichael should face no problem with a time limitation for filing his Rule 91 petition in state court.  We thus reverse and remand for entry of an order consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.