# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2661

_____

Frank Kevin Pool,                          *
                                           *
                    Appellee,              *
                                           *   Appeal from the United States
          v.                               *   District Court for the
                                           *   Eastern District of Missouri.
Michael Bowersox,                          *
                                           *       [UNPUBLISHED]
                    Appellant.             *

_____

Submitted: December 10, 2001

Filed: February 26, 2002 (Corrected: 03/07/02)

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

The State of Missouri appeals an order of the district court[1] requiring the State to respond to a habeas corpus petition filed by Frank Kevin Pool (Pool) pursuant to 28 U.S.C. § 2254. We find the matter moot and dismiss the appeal.

_____

[1]The Honorable Donald J. Stohr, District Judge for the Eastern District of Missouri, affirming the order of the Honorable Mary Ann L. Medler, United States Magistrate Judge.

On February 5, 1979, Pool entered a guilty plea to the charge of murder in the first degree in the Circuit Court of Phelps County, Missouri. The court sentenced Pool to a term of life imprisonment. Nonetheless, the Missouri Board of Probation and Parole notified Pool in 1994 that he would receive parole release in 1998. In 1997, however, the Parole Board rescinded the parole release date due to Pool's plea of guilty to a correctional facility conduct violation. Pool filed a habeas petition pursuant to 28 U.S.C. § 2254 alleging violations of his constitutional rights related to a mandatory state court filing fee and the rescission of his parole release date.

In a response to an order to show cause why Pool's habeas petition should not be granted, the State argued the petition should be dismissed as a successive petition under 28 U.S.C. § 2244(b). Rejecting the State's argument, the magistrate judge ordered the State to show cause why a writ of habeas corpus should not be granted.[2] Ignoring the court's mandate to respond to the merits, the State argued Pool had failed to exhaust available state remedies. Without resolving the exhaustion issue, the magistrate judge again ordered the State to respond to the merits. The State appealed the magistrate judge's order to the district court which affirmed, requiring compliance with the magistrate judge's order.

On appeal, the State seeks a ruling requiring the district court to determine whether Pool's claims were exhausted prior to the State having to furnish a response on the merits.[3] The State's argument appears to be foreclosed by Rule 5 of the Rules

---

[2]A habeas petition challenging a parole decision is not a second or successive petition where the petitioner previously challenged his state conviction or sentence. See Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001).

[3]The State cites Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). In Carmichael, the district court entered a 90-day stay to permit Carmichael time to exhaust his state-court remedies, and White appealed the stay order. We found the stay was a sufficiently final collateral order to warrant review and further found the district court should have dismissed the habeas petition without prejudice rather than

Governing Cases Under 28 U.S.C. § 2254, which requires a response be on the merits, in addition to a delineation of the exhausted state remedies.

We need not resolve this issue, however, because eight days after filing this appeal the State filed a response to the magistrate judge's order to show cause and addressed the merits of Pool's petition. Since the State has submitted the ordered response, we could grant no effective relief. Therefore, we dismiss the appeal as moot.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

grant the stay. While Carmichael is probably distinguishable from the case before us now, we need not reach this jurisdictional issue.