# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1609

_____

Melvin Smith, Jr.,       *
      *
      Appellant,       *
      *
      v.       *     Appeal from the United States
      *     District Court for the
Larry Norris, Director, Arkansas     *     Eastern District of Arkansas.
Department of Correction; Dale Reed,     *
Warden, Cummins Unit, ADC;     *     [UNPUBLISHED]
Gleenover K. Fitzpatrick, Record     *
Supervisor, Cummins Unit, ADC; Terry *
Cass, Institutional Parole     *
Administrators for the ADC; Pam     *
Brown, Institutional Parole     *
Administrator for the ADC; George     *
Brewer, Classification Administrator     *
of the ADC,     *
      *
      Appellees.       *

_____

Submitted: June 4, 2002
Filed: June 7, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Melvin Smith, Jr., who is serving a life sentence with the possibility of parole, filed an action alleging that prison officials refused to calculate his minimum and maximum release dates and his parole eligibility date, even though state law and prison policy required them to do so. He sought damages for being held past his maximum release date, as well as declaratory and injunctive relief. The district court[1] dismissed his action without prejudice for failure to state a claim upon which relief may be granted. Smith appeals. Having carefully reviewed the record, we conclude dismissal was proper.

Smith's implicit request for release was not cognizable under 42 U.S.C. § 1983, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and he did not show he had exhausted state court remedies as required for habeas relief, see 28 U.S.C. § 2254(b)(1)(A); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Smith's request for damages was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because success on his claim would imply the invalidity of his continued detention, and he offered no support for his assertion that his sentence had been expunged. Finally, Smith had no federal right to have specific release and parole eligibility dates calculated. See Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993) (violation of state law, without more, is not federal constitutional violation). Accordingly, we affirm. We deny Smith's pending motion.

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.