# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1911

_____

Jason Edward Fenner,                    *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
        v.                              *   District Court for the Western
                                        *   District of Arkansas.
Candis Taylor; Kristian Pawlik;         *
Charles Duell,                          *          [UNPUBLISHED]
                                        *
            Appellees.                  *

_____

Submitted:  May 27, 2004

Filed: June 3, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jason Edward Fenner appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 action against a prosecutor and two public defenders involved in

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

state criminal proceedings against him. As relief, Mr. Fenner indicated he wanted a jury trial and a different attorney in his criminal case.

Having carefully reviewed the record, we conclude that dismissal was proper. Mr. Fenner's allegations and the relief he requested indicate that he was in effect challenging the validity of his guilty plea and conviction. The sole federal remedy for a state prisoner bringing such a challenge is a writ of habeas corpus, see Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973), and there is no indication in the record that Mr. Fenner has exhausted his state court remedies, see 28 U.S.C. § 2254(b)(1)(A); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or exceptional circumstances exist). Accordingly, we affirm, but we modify the dismissal to be without prejudice. See 8th Cir. R. 47B. We also deny Mr. Fenner's motion for appointment of counsel.

_____