19-132-cr
*United States v. Becton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty.

Present:

> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                                                            No. 19-132-cr

DARRYL HENDERSON, AMIN WILSON,
AKA AMIN IDI, AKA IDI, AKA 13,
NAATIFAH COSTELLO, AKA NATTY,

    *Defendants*,

CHAROD BECTON, AKA FAMS,

    *Defendant-Appellant*.

_____

For Appellee:                                    MICHAEL D. MAIMIN (Anna M. Skotko, *on the brief*), Assistant United States Attorneys,

*for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:            JEREMIAH DONOVAN, Old Saybrook, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Charod Becton appeals from a judgment entered on November 30, 2018, by the United States District Court for the Southern District of New York (Castel, *J.*). On November 1, 2006, Becton pleaded guilty to a 15-count superseding indictment before the late Judge Owen. Becton later entered into a plea modification agreement before Judge Castel, pursuant to which the government agreed to dismiss one of the 15 counts. In the plea modification agreement, Becton waived his right to appeal any sentence of or below life plus five years' imprisonment, and on November 28, 2018, Judge Castel sentenced Becton to life plus five years' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Becton argues that Judge Owen failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(D) because he did not inform Becton during his plea hearing that he was entitled to court-appointed counsel. Becton also argues that there was no factual basis for his plea to Count Ten of the superseding indictment, which charged Becton with attempted arson. *See* Fed. R. Crim. P. 11(b)(3). Becton is permitted to raise these challenges notwithstanding his appeal waiver. *See United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 55 (2019); *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006). However, because Becton failed

2

to raise these challenges below, we review them for plain error. *See United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009); *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). "To satisfy the plain-error standard, the defendant must demonstrate, *inter alia*, that (1) there was error, (2) the error was plain, and (3) the error prejudicially affected his substantial rights." *Torrellas*, 455 F.3d at 103.[1] "In order to demonstrate that a Rule 11 error affected his substantial rights, a defendant must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* "In determining whether the defendant has made such a showing, we consider, inter alia, any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision to plead guilty, as well as the overall strength of the Government's case." *Id.*

Beginning with Becton's Rule 11(b)(1)(D) challenge, we conclude that the district court did not plainly err because there is no reasonable probability that Becton would not have entered his guilty plea if Judge Owen had informed him that he was entitled to court-appointed counsel. Although Judge Owen stated only that Becton was "entitled to a speedy and public trial by a judge and a jury, with the assistance of counsel, at all stages," App'x 118:23–24, Becton had been informed at multiple prior proceedings—including at his initial appearance and his arraignments on two superseding indictments—that a lawyer would be appointed for him if he could not afford one. Perhaps more significantly, Becton was represented by appointed counsel for most of the time between his 2002 arrest and his 2006 plea, including at the plea hearing itself. We do not see how informing Becton at his plea hearing of his right to appointed counsel could have caused him not to plead guilty.[2]

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[2] On June 14, 2006, the district court entered an order authorizing interim payments to Becton's appointed counsel "[b]ecause of the expected length of the trial in this case, and the

3

We are also unpersuaded by Becton's factual basis challenge. Becton argues that the district court erred by entering judgment on his plea to Count Ten of the superseding indictment, which charged Becton with attempted arson, in violation of 18 U.S.C. § 844(i).[3] As relevant here, the indictment alleged that Becton participated in a conspiracy to rob a drug stash house and that, during the robbery, he and his co-conspirators murdered the occupants and attempted to set fire to the building. At his plea hearing, Becton testified that he did not personally try to start the fire and that he learned only afterwards that one of his co-conspirators was responsible. Becton argues on appeal that this testimony was insufficient to support an attempted arson conviction under § 844(i) and that he should be permitted to withdraw his guilty plea to Count Ten.

Regardless of whether Becton personally tried to start the fire, we conclude that there was a factual basis for his plea to Count Ten. "[W]e have held that a conspirator can be held responsible for the substantive crimes committed by his co-conspirators to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement, even if the conspirator did not himself participate in the substantive crimes." *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998) (per curiam); *see Pinkerton v. United States*, 328 U.S. 640, 647 (1946). This is true even where the substantive crime at issue is an attempt. *See, e.g.*, *United States v.*

anticipated hardship on counsel in undertaking representation full-time for such period without compensation." Dist. Ct. Dkt. No. 118. Becton argues that if he had seen this order without knowing that he was entitled to appointed counsel, he might have become concerned that his counsel would withdraw during trial as a result of financial hardship. We find this argument unpersuasive. Not only is there no evidence that Becton saw the order in question, but it is also implausible that he would have inferred from the authorization of payments to his counsel that later payments might not be authorized. Moreover, as noted above, by the time of Becton's plea hearing in 2006, his appointed counsel had been representing him for more than four years.

[3] As relevant here, § 844(i) makes it a crime to "maliciously damage[] or destroy[], or attempt[] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i).

*Romero*, 897 F.2d 47, 51–52 (2d Cir. 1990). Here, the attempted arson was reasonably foreseeable, particularly given that Becton and his co-conspirators had just murdered the three witnesses to their robbery. This conclusion is bolstered by Becton's concession, in a statement of uncontested facts entered in connection with his plea modification agreement, that he and his co-conspirators were jointly responsible for the crimes committed in the stash house. Moreover, even if the foreseeability of the attempted arson were a close question, it was not plain error for the district court to conclude that a factual basis existed for Becton's guilty plea to Count Ten.

In addition to raising his Rule 11(b)(1)(D) and factual basis challenges, Becton argues that his sentence was procedurally and substantively unreasonable. Unlike the arguments above, Becton's challenge to his sentence is barred by the appeal waiver in his plea modification agreement. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (per curiam). Becton argues that his appeal waiver was not made knowingly and voluntarily because Judge Castel failed to instruct him about various kinds of appeals that he was permitted to bring, and because Judge Castel's description of his appeal waiver was "unduly restrictive." Appellant's Br. 22. But Becton does not identify any appeals that he wishes to bring, or any arguments that he would like to raise, that are barred by Judge Castel's purportedly erroneous instruction. Moreover, Judge Castel's discussion of Becton's appeal waiver is materially indistinguishable from other colloquies that we have endorsed in prior cases. *See, e.g.*, *United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir. 2000) (per curiam). Because Becton has failed to identify an error—let alone a plain error, *see United States v. Cook*, 722 F.3d 477, 479 (2d Cir. 2013)—in Judge Castel's instructions, we hold that Becton's appeal waiver is enforceable, and his challenge to his sentence is barred.

We have considered Becton's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk