# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1913

_____

Samar Akins,                          *
                                      *
          Appellant,                  *
                                      *     Appeal from the United States
     v.                               *     District Court for the
                                      *     District of Nebraska.
Michael L. Kenney, Warden of the      *
Nebraska State Penitentiary,          *          [PUBLISHED]
                                      *
          Appellee.                   *


_____

Submitted: March 12, 2003
    Filed: September 2, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Samar Akins, a Nebraska inmate, appeals the dismissal of his amended petition for a writ of habeas corpus, 28 U.S.C. § 2254 (2000), for failure to exhaust state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (requiring inmates to exhaust state judicial remedies by invoking one complete round of the state's

_____

[1]The author stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

established ordinary appellate review procedures). We affirm the judgment of the district court in part, and we reverse and remand in part.

I.

In January 1999, a Nebraska state court jury convicted Akins of robbery, using a deadly weapon to commit a felony, and operating a motor vehicle to avoid arrest. The Nebraska Court of Appeals affirmed the convictions but remanded for resentencing on the motor vehicle count. State v. Akins, No. A-99-593, 2000 WL 707185 (Neb. Ct. App. May 16, 2000). Akins did not seek further review by the Supreme Court of Nebraska.

Prior to his resentencing, Akins filed a motion in state court for postconviction relief, but the state district court denied the motion as premature because resentencing had not yet occurred. Akins appealed this denial. While his appeal of the postconviction case was pending, the state district court resentenced Akins on the underlying remanded charge by order dated August 11, 2000. On September 20, 2000, the Nebraska Court of Appeals dismissed the premature postconviction appeal without opinion. Akins filed a petition for further review of the postconviction appeal in the Supreme Court of Nebraska on October 20, 2000, but that court denied further review on December 13, 2000. Akins filed no direct appeal or postconviction relief motion following his resentencing on remand in August 2000.

Akins then filed a petition for a writ of habeas corpus in federal court in January 2001, asserting claims of ineffective assistance of trial and appellate counsel, trial court evidentiary errors, and prosecutorial misconduct. He amended the petition in June 2001. The state moved to dismiss the petition, asserting it contained unexhausted claims and urging that Akins may still have an available avenue of relief because Neb. Rev. Stat. § 29-3001 (1995) proscribes no time limit for the filing of a postconviction relief motion. The federal district court dismissed the habeas petition

2

without prejudice on February 19, 2002, concluding that the petition contained unexhausted claims.

We granted a certificate of appealability in this case, noting that although the dismissal was without prejudice, Akins may be barred from returning to federal court after exhaustion because more than one year had already passed while his § 2254 petition was pending and the pendency of the federal petition did not toll the one-year statute of limitation of § 2244(d). See Duncan v. Walker, 533 U.S. 167, 181-82 (2001). We certified two issues for this appeal: (1) whether, under Nebraska law, a prisoner must file a petition for further review in the Nebraska Supreme Court in order to exhaust state judicial remedies; and (2) whether the district court should have stayed (rather than dismissed) the federal habeas petition pending exhaustion of the available state postconviction remedies in order to preserve federal court jurisdiction.

## II.
## A.

Akins first argues that Nebraska law did not require him to file a petition for further review with the Supreme Court of Nebraska in order to exhaust his available state court remedies. We disagree. In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c), "state prisoners [must] file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 847. Consistent with the purpose of the exhaustion rule, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. State prisoners are not required to present their claims through discretionary review if such review would be considered "extraordinary." Id.

3

Nebraska court rules provide for discretionary review in the Supreme Court of Nebraska of decisions by the Nebraska Court of Appeals. Neb. Ct. Rule of Prac. 2.G (2003). A petition for further review must be filed within 30 days after the Court of Appeals' opinion, and a specific format is provided to govern the filing form and content of the petition. Id. Rule 2.F(1)-(3). Further, the rules provide that no mandate shall issue in any case during the time allowed for the filing of a petition for further review. Id. Rule 2.F(7). Nothing in Nebraska law "plainly states that a petition for further review is an extraordinary remedy outside the standard review process," Dixon v. Dormire, 263 F.3d 774, 779 (8th Cir. 2001), and in fact, the rules indicate that such a procedure is considered the ordinary process because the mandate may not issue until time for filing such a petition has lapsed. Thus, at some point, Akins was required to have presented his constitutional claims to the Nebraska Supreme Court through a discretionary petition for further review in order to exhaust his available state court remedies before proceeding to federal court.

In his initial direct criminal appeal, Akins raised four claims of ineffective assistance of trial counsel and a claim of structural error from the trial court's failure to remove Akins' trial counsel due to the asserted conflict between Akins and his counsel. The Nebraska Court of Appeals declined to reach all but one of the asserted ineffective-assistance claims, concluding that the record on direct appeal was inadequate to resolve the other issues. The court denied the remaining claim of ineffective assistance of counsel on its merits and also denied the claim of structural error as meritless. Akins did not file a petition for further review to test the Court of Appeals' decision on any of these issues, nor did he file a direct appeal from the resentencing, which he might have pursued all the way through the state supreme court, but did not.

Following his initial direct criminal appeal, but before resentencing, Akins filed a premature motion for postconviction relief, which all the state courts dismissed as premature without reaching the merits of any substantive issues Akins had

4

asserted. Consequently, although Akins appealed this premature postconviction relief motion all the way through the state supreme court, this did not accomplish exhaustion because the action was dismissed on procedural grounds.

Akins did not thereafter file a proper postconviction relief motion to assert the claims from his initial appeal which were rejected by the Court of Appeals as having an inadequate record for review. There is no time limit preventing him from filing a postconviction relief motion under Nebraska law to address the issues either that the state court of appeals initially rejected because the record was inadequate or that could not have been raised in the direct appeal, such as the claim of ineffective assistance of appellate counsel. See Neb. Rev. Stat. § 29-3001 (indicating that a postconviction relief motion may be filed "at any time in the court which imposed such sentence"). If Akins now filed a state postconviction relief motion, he could then appeal any adverse postconviction ruling and would have the opportunity to seek discretionary review in the Nebraska Supreme Court, thus giving the state courts the opportunity to address the merits of his constitutional issues through one complete round of ordinary appellate procedure.

We thus agree with the federal district court's conclusion that Akins has not yet exhausted his available state court remedies, and he will be required to file a motion for further review with the state supreme court in order to achieve complete exhaustion should he choose to bring a new state postconviction relief proceeding.

B.

The second issue designated in the certificate of appealability is whether the district court should have stayed this § 2254 petition pending Akins' exhaustion of available state court remedies. Although the state disputes it, and we have some doubt ourselves about it, Akins asserts that his petition contains both exhausted and unexhausted claims. (Appellant's Br. at 35-37.) There is no dispute that the federal

5

statute of limitations lapsed while his § 2254 petition was pending in the district court.

In Rose v. Lundy, 455 U.S. 509, 510 (1982), the Supreme Court adopted a total exhaustion rule which requires district courts to dismiss habeas corpus petitions that are mixed, that is, those containing both exhausted and unexhausted claims. This rule leaves the petitioner with the choice of returning to state court to exhaust available state court remedies or amending the federal habeas petition to strike the unexhausted claims and to proceed on only the exhausted claims. Id. When the Court decided Rose v. Lundy, there was no federal time limit on the petitioner's ability to file a § 2254 petition, and thus there was no risk to the petitioner from dismissing a petition without prejudice.

Since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitioners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limit may render some petitioners' claims time-barred upon their return to federal court after exhausting their state court remedies following a dismissal without prejudice on exhaustion grounds. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79 (1st Cir. 2002). There is no question that in this case, the dismissal without prejudice jeopardizes Mr. Akins' ability to seek a later review in federal court because the federal statute of limitations expired while his habeas petition was pending, and the district court subsequently dismissed for failure to exhaust. The pendency of a federal proceeding does not provide a statutory basis for tolling the statute of limitations. Duncan, 533 U.S. at 181. Thus, absent a stay or equitable tolling, Akins will be unable to return to federal court following exhaustion of his state court remedies.

Several circuits have concluded that a stay is required or is reasonable in cases of mixed habeas petitions where a dismissal would "jeopardize the petitioner's ability to obtain federal review" in light of AEDPA's one-year statute of limitation.

6

Nowaczyk, 299 F.3d at 79; see also Brambles v. Duncan, 330 F.3d 1197, 1203 (9th Cir. 2003); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002); Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir.), cert. denied, 534 U.S. 1015 (2001); Freeman v. Page, 208 F.3d 572, 577 (7th Cir.), cert. denied, 531 U.S. 946 (2000). Justice Stevens stated in his concurring opinion in Duncan that "although the Court's pre-AEDPA decision in Rose v. Lundy prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies." Duncan, 533 U.S. at 182-83 (Stevens, J., concurring in part and concurring in the judgment) (citation omitted).

While this view may be the "growing consensus," Nowaczyk, 299 F.3d at 79, it has not yet been adopted by a majority of the members of the Supreme Court or by this circuit. Absent contrary controlling Supreme Court authority, we are bound to follow our own precedents and the Supreme Court's view as expressed in Rose v. Lundy. We have held, post-AEDPA, that "a district court has no authority to hold a habeas petition containing unexhausted claims in abeyance absent truly exceptional circumstances, such as when state remedies are inadequate or fail to afford a full and fair adjudication of federal claims, or when exhaustion in state court would be futile." Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (citing Victor v. Hopkins, 90 F.3d 276, 279-80 & n.2, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997)). Habeas petitioners who delay filing for state postconviction relief "should be held responsible for their failure to fulfill the long-standing requirement that they exhaust state remedies." Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Akins has asserted unexhausted claims and there is no showing that it would be futile for him to pursue his available state court remedy, which he would have been wise to pursue in the first instance. We cannot conclude that the district court abused its discretion in not granting a stay sua sponte. See Thompson v. Sec. for Dep't of Corr., 320 F.3d 1228, 1229-30 & n.3 (11th Cir. 2003) (holding district court did not abuse its

7

discretion by dismissing mixed petition in spite of petitioner's argument that he had no choice but to file a mixed petition in order to meet the one-year filing deadline of AEDPA and preserve federal review for the exhausted claims).

Akins also asserts that the district court should have given him an opportunity to amend his petition to delete the unexhausted claims and allow him to proceed with the exhausted claims rather than face a complete dismissal, and thereby avoid the statute of limitations problem on the exhausted claims. See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (holding that the petitioner should be given the option to amend the petition and to proceed only with the claims that had been exhausted by the time the one-year limitations period expired); see also Victor, 90 F.3d at 282 (noting that a mixed petition must be dismissed or the petitioner must elect to proceed on only the exhausted claims (applying Rose v. Lundy)). We are not convinced that Akins has asserted any completely exhausted claims because none of his claims have been asserted all the way through one complete round of the state's ordinary appellate procedure. However, he has asserted some claims for which there is no longer a presently available state court remedy.

Under Nebraska law, a claim that was or could have been asserted on direct appeal may not be pursued in a postconviction relief motion. See Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002); State v. Al-Zubaidy, 641 N.W.2d 362, 371 (Neb. 2002). Akins has included in his federal habeas petition some claims that either were addressed on the merits in his initial direct appeal or were never presented to the appellate courts, and Akins would not be free to pursue such claims presently in a postconviction relief proceeding. Therefore, the dismissal of his federal habeas petition on exhaustion grounds is not appropriate as to claims for which he has no currently "available procedure" under state law to raise the issues. 28 U.S.C. § 2254(c) (stating conversely that habeas relief may not be granted if the applicant has the right "by any available procedure" to raise the issue in question). Accordingly, we remand for further proceedings on those claims. If on remand the state asserts that

those claims are procedurally barred, Akins should then be given an opportunity to demonstrate cause and prejudice to excuse his procedural default.

## III

Accordingly, we affirm the district court's judgment that the petition contains unexhausted claims.  We also affirm the district court's refusal to grant a stay <u>sua sponte</u> and its dismissal of unexhausted claims for which there is a currently available state court remedy.  We reverse the dismissal only as to claims for which there is no currently available state court remedy, and we remand for further proceedings on those claims.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.