# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2990

_____

Charles Russell Rhines,            *
                                            *

     Petitioner - Appellee,     *    Appeal from the United States
                                           *    District Court for the
v.                            *    District of South Dakota.
                                           *

Douglas Weber, Warden, South Dakota *      **[PUBLISHED]**
State Penitentiary,            *
                                         *

     Respondent - Appellant.    *

_____

Submitted:  September 2, 2003

Filed:  October 7, 2003

_____

Before LOKEN, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Charles Russell Rhines filed this petition for a writ of habeas corpus, alleging that numerous constitutional errors infected his 1993 first-degree murder conviction.  The district court entered an order declaring that Rhines failed to exhaust some federal claims and that non-futile state court remedies may still be available to him.  The court stayed all claims pending exhaustion of state court remedies for the unexhausted claims.  Warden Douglas Weber appeals.  We have jurisdiction under the collateral order doctrine to review an interlocutory order

holding a habeas petition in abeyance pending exhaustion of state court remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

This court has recently addressed the question whether habeas claims may be stayed while the habeas petitioner seeks state court remedies on claims that may be unexhausted. Akins v. Kenney, No. 02-1913, slip op. at 7-9 (8th Cir. Sep. 2, 2003). Akins precludes the district court from staying Rhines's exhausted claims while he seeks state post-conviction relief on other claims that may be unexhausted. However, Akins did not decide whether a petitioner may delete unexhausted claims while proceeding only on the claims he believes are fully exhausted. Nor did Akins preclude a petitioner from electing to forego further state court proceedings, in which case he would presumably proceed on all claims in the federal habeas action and contest any argument by respondent that the unexhausted claims are procedurally barred. These issues are better addressed initially in the district court. Accordingly, the district court's order of July 3, 2002 is vacated, and the case is remanded for further consideration.

_____