# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1913

_____

Samar Akins,                           *
                                       *
            Appellant,                 *
                                       *      Appeal from the United States
      v.                               *      District Court for the
                                       *      District of Nebraska.
Michael L. Kenney, Warden of the       *
Nebraska State Penitentiary,           *           [PUBLISHED]
                                       *
            Appellee.                  *


_____

Submitted: April 4, 2005
Filed: June 6, 2005

_____

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

We previously affirmed the dismissal of Samar Akins's petition for a writ of habeas corpus, 28 U.S.C. § 2254 (2000), for failure to exhaust state court remedies, and we reversed the dismissal to the extent it encompassed claims for which there was no currently available state court remedy; we further found no error in the district court not granting a stay *sua sponte* pending exhaustion. See Akins v. Kenney, 341 F.3d 681 (8th Cir. 2003), cert. granted and judgment vacated by 125 S. Ct. 1723 (2005). Having now reconsidered this case on remand from the Supreme Court of the

United States, we vacate our original opinion, we again affirm the judgment of the district court in part, and we again reverse and remand in part, but with different directions to the district court.

I.

In January 1999, a Nebraska state court jury convicted Akins of robbery, using a deadly weapon to commit a felony, and operating a motor vehicle to avoid arrest. The Nebraska Court of Appeals affirmed the convictions but remanded for resentencing on the motor vehicle count. State v. Akins, No. A-99-593, 2000 WL 707185, at *7 (Neb. Ct. App. May 16, 2000). Akins did not seek further review by the Nebraska Supreme Court.

Prior to his resentencing, Akins filed a motion in state court for postconviction relief, but the state district court denied the motion as premature because resentencing had not yet occurred. Akins appealed this denial. While his appeal of the postconviction case was pending, the state district court resentenced Akins on the underlying remanded charge by order dated August 11, 2000. On September 20, 2000, the Nebraska Court of Appeals dismissed the premature postconviction appeal without opinion. Akins filed a petition for further review of the postconviction appeal in the Supreme Court of Nebraska, which denied further review on December 13, 2000. Akins filed no direct appeal or postconviction relief motion following his resentencing on remand in August 2000.

Akins then filed a petition for a writ of habeas corpus against Warden Kenney ("the State") in federal court in January 2001, asserting claims of ineffective assistance of trial and appellate counsel, trial court evidentiary errors, and prosecutorial misconduct. He amended the petition in June 2001. The State moved to dismiss, asserting the petition contained unexhausted claims and urging that Akins might still have an available avenue of relief because Nebraska law proscribes no

time limit for the filing of a postconviction relief motion. The federal district court dismissed the habeas petition without prejudice on February 19, 2002, concluding that the petition contained unexhausted claims.

We certified two issues for appeal: (1) whether, under Nebraska law, a prisoner must file a petition for further review in the Nebraska Supreme Court in order to exhaust state judicial remedies; and (2) whether the district court should have stayed (rather than dismissed) the federal habeas petition pending exhaustion of the available state postconviction remedies in order to preserve federal court jurisdiction. We noted that, although the district court dismissed Akins's petition without prejudice, he might be barred from returning to federal court after exhaustion because the one-year limitation of § 2244(d)(1) expired while Akins's federal habeas petition was pending.

Following oral argument, we held (1) that Nebraska law requires a prisoner to file for further discretionary review in the Nebraska Supreme Court in order to fully exhaust state judicial remedies, and (2) that the district court did not err by not entering a stay *sua sponte* pending exhaustion in light of the precedents of this court and the total exhaustion rule of Rose v. Lundy, 455 U.S. 509, 510 (1982). See Akins, 341 F.3d at 685-87 (judgment vacated). The Supreme Court granted Akins's petition for a writ of certiorari, vacated the judgment of this court in its entirety, and remanded in light of its recent decision in Rhines v. Weber, 125 S. Ct. 1528 (2005). Akins, 125 S. Ct. at 1723. Because our prior judgment has been vacated in toto, we address anew each of the certified questions, even though Rhines deals only with the second issue.

## II.
### A.

First, we consider whether Nebraska law requires Akins to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies. In order to satisfy the exhaustion requirement of 28 U.S.C.

§ 2254(c), "state prisoners [must] file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). Consistent with the purpose of the exhaustion rule, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. State prisoners are not required to present their claims through discretionary review if such review would be considered "extraordinary." Id.

Nebraska court rules provide for discretionary review in the Nebraska Supreme Court of decisions by the Nebraska Court of Appeals. Neb. Ct. Rule of Prac. 2.G. A petition for further review must be filed within 30 days after the Court of Appeals' opinion, and a specific format is provided to govern the filing form and contents of the petition. Id. Rule 2.F(1)-(3). Further, the rules provide that no mandate shall issue in any case during the time allowed for the filing of a petition for further review. Id. Rule 2.F(7). Nothing in Nebraska law "plainly states that a [petition for further review in the Nebraska Supreme Court] is an extraordinary remedy outside the standard review process," Dixon v. Dormire, 263 F.3d 774, 779 (8th Cir. 2001), and in fact, the rules indicate that such a procedure is considered the ordinary process because the mandate may not issue until the time for filing such a petition has lapsed. Thus, at some point, Akins was required to have presented his constitutional claims to the Nebraska Supreme Court through a discretionary petition for further review in order to exhaust his available state court remedies before proceeding to federal court.

The record indicates that in his initial direct criminal appeal, Akins raised four claims of ineffective assistance of trial counsel and a claim of structural error based on the trial court's failure to remove Akins's trial counsel due to the asserted conflict between Akins and his counsel. The Nebraska Court of Appeals declined to reach all but one of the asserted ineffective-assistance claims, concluding that the record on direct appeal was inadequate to resolve the other issues. The court denied the

-4-

remaining claim of ineffective assistance of counsel on its merits and also denied the claim of structural error as meritless. Akins did not file a petition for further review to test the Court of Appeals' decision on any of these issues, nor did he file a direct appeal from the resentencing, which he could have pursued all the way through the state supreme court.

Following his initial direct criminal appeal, but before resentencing, Akins filed a premature motion for postconviction relief, which the state courts dismissed as premature without reaching the merits of Akins's substantive issues. Although Akins appealed this premature postconviction relief motion all the way through the state supreme court, he did not accomplish exhaustion because the dismissal on procedural grounds did not address the claims substantively and Akins did not thereafter file another postconviction relief motion to properly present the claims to the state courts.

There is no time limit preventing Akins from filing a postconviction relief motion under Nebraska law to address the issues that the state court of appeals initially rejected because the record was inadequate or that could not have been raised in the direct appeal, such as the claim of ineffective assistance of appellate counsel. See Neb. Rev. Stat. § 29-3001 (1995) (indicating that a postconviction relief motion may be filed "at any time in the court which imposed such sentence"). If Akins takes advantage of this currently available state court remedy, he would then have a new opportunity to appeal any adverse postconviction ruling and also to seek discretionary review in the Nebraska Supreme Court, thus giving the state courts the opportunity to address the merits of his constitutional issues through one complete round of ordinary appellate procedure.

We thus agree with the district court's conclusion that Akins has not yet exhausted his available state court remedies and that, in order to achieve complete exhaustion of any issues contained in any new state postconviction relief proceeding

he chooses to bring, he must file a motion for further review with the Nebraska Supreme Court before he brings those issues to federal court.

B.

The second question certified for this appeal, and the basis for the Supreme Court's remand order, is whether the district court should have stayed (rather than dismissed) the federal habeas petition for a reasonable time to allow Akins to return to state court and exhaust the available state postconviction remedies. The Supreme Court has now squarely addressed this issue and determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition. See Rhines, 125 S. Ct. at 1534-35. The Court determined that the "stay and abeyance should be available only in limited circumstances." Id. at 1535. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," . . . and even showing good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. "[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id. Further, any stay granted must be tempered with reasonable time limits, and if a stay is not granted, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

-6-

Akins asserts that his petition is a "mixed" petition containing both exhausted and unexhausted claims.[1] (Appellant's Br. at 35-37.) The one-year statute of limitation under § 2244(d) expired while Akins's federal habeas petition was pending, and the pendency of his federal habeas petition does not toll the one-year limitation. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Thus, absent a stay, Akins's return to federal court after exhausting state court remedies will be barred by the statute of limitations in spite of the district court's dismissal of his habeas petition without prejudice. In order to determine whether a stay pending exhaustion would be appropriate in this case, Akins must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay. Rhines, 125 S. Ct. at 1535. We remand to permit the district court to exercise its discretion on this matter in the first instance within the framework set forth in Rhines v. Weber. See also Rhines v. Weber, No. 02-2990 (8th Cir., June 6, 2005) (opinion following remand from the Supreme Court).

## III.

Accordingly, we affirm the district court's conclusion that Akins must present his claims to the Nebraska Supreme Court by filing a petition for further review in

---

[1]We are not convinced that Akins has asserted any completely exhausted claims because none of his claims have been asserted all the way through one complete round of the state's ordinary appellate procedure. However, he has asserted some claims for which there may no longer be a presently available state court remedy, because under Nebraska law, a claim that was or could have been asserted on direct appeal may not be pursued in a postconviction relief motion. See Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). If on remand the district court determines that a stay is not appropriate to permit exhaustion, Akins should be given an opportunity to proceed on any claims for which there is no currently available state court remedy by demonstrating cause and prejudice to excuse his procedural default.

order to fully exhaust available state court remedies. We reverse the district court's dismissal of Akins's habeas petition and remand for the district court to determine whether to exercise its discretion to grant a stay pending exhaustion in this case.

_____