# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2990

_____

Charles Russell Rhines,              *

                                       *

    Petitioner - Appellee,      *

                                       *   Appeal from the United States

v.                             *   District Court for the

                                     *   District of South Dakota.

Douglas Weber, Warden, South Dakota *

State Penitentiary,         *   **[TO BE PUBLISHED]**

                                       *

    Respondent - Appellant.    *

_____

Submitted: May 10, 2005
Filed: June 6, 2005

_____

Before LOKEN, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Charles Russell Rhines petitioned for a federal writ of habeas corpus. The district court determined that the "mixed" petition included eight unexhausted claims and that non-futile state court remedies may be available. To avoid federal claims becoming time-barred while Rhines exhausted his state court remedies, the court stayed all claims pending exhaustion provided Rhines commenced state court exhaustion proceedings within sixty days and returned to federal court within sixty days of completing exhaustion. Respondent appealed, and we reversed, concluding that our decision in Akins v. Kenney, 341 F.3d 681 (8th Cir. 2003),

"precludes the district court from staying Rhines's exhausted claims while he seeks state post-conviction relief on other claims that may be unexhausted." Rhines v. Weber, 346 F.3d 799, 800 (8th Cir. 2003). The Supreme Court granted Rhines's petition for a writ of certiorari to resolve a conflict in the circuits. The Court has vacated our judgment and remanded the case for further consideration in light of its opinion in Rhines v. Weber, 125 S. Ct. 1528 (2005). For the following reasons, we remand to the district court.

In Rhines, the Court held that the stay and abeyance procedure adopted by the district court was within the court's authority but should be available "only in limited circumstances." 125 S. Ct. at 1535. The Court remanded, instructing us "to determine, consistent with this opinion, whether the District Court's grant of a stay in this case constituted an abuse discretion." Id. at 1535-36. The Court's opinion provided the following guidance:

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> * * * * *
>
> Even where stay and abeyance is appropriate . . . [a] mixed petition should not be stayed indefinitely. . . . Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

Id. at 1535.

In this case, the district court granted a stay without the benefit of this controlling Supreme Court guidance. Thus, the court did not (i) analyze each unexhausted claim to determine whether Rhines had good cause for failing to exhaust the claim and whether it is potentially meritorious, and (ii) consider whether Rhines has engaged in "abusive litigation tactics or intentional delay." In addition, the district court gave Rhines sixty days to commence state court proceedings and sixty days to return to federal court after completing exhaustion, whereas the Supreme Court in discussing this issue quoted from a Second Circuit opinion noting that an appropriate interval is "normally 30 days." 125 S. Ct. at 1535, quoting Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001).

In these circumstances, we conclude that we should not review the stay order for abuse of discretion until the district court has considered these issues in the first instance. Accordingly, the district court's order of July 3, 2002, is vacated and the case is remanded for further consideration in light of the Supreme Court's decision in Rhines v. Weber, 125 S. Ct. 1528 (2005).

_____