# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3612

_____

David J. Gherity,                            *
                                             *
            Appellant,                       *
                                             *
      v.                                     *   Appeal from the United States
                                             *   District Court for the
Lori Swenson, Hennepin County                *   District of Minnesota.
Probation; Michael Hatch, Minnesota          *
Attorney General,                            *         [UNPUBLISHED]
                                             *
            Appellees.                       *

_____

Submitted: March 7, 2006
    Filed:  March 10, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

      David J. Gherity, who filed this habeas petition while his state court motion for postconviction relief was still pending, appeals the district court's order dismissing his 28 U.S.C. § 2254 petition for incomplete exhaustion of state remedies. We granted a certificate of appealability on whether the district court should have stayed the habeas petition pending exhaustion. In light of the Supreme Court's recent holding in *Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005), that a district court has discretion to stay a habeas petition to allow the petitioner to exhaust his claims in state court, we believe the district court should analyze each unexhausted claim to

determine whether Mr. Gherity had good cause for failing to exhaust it, whether such unexhausted claims are potentially meritorious, and whether he engaged in abusive litigation tactics. *See Akins v. Kenney*, 410 F.3d 451, 453-56 (8th Cir. 2005); *Rhines v. Weber*, 409 F.3d 982, 983 (8th Cir. 2005) (per curiam). Because Mr. Gherity completed his sentence after he filed his federal habeas petition, if a stay is not granted, the state court's delay will have deprived him of the opportunity to challenge his criminal conviction.

Accordingly, we reverse the district court's dismissal of Mr. Gherity's petition and remand for the district court to determine whether to exercise its discretion to grant a stay pending exhaustion in this case.

_____