AMBRO, Circuit Judge,
concurring.
I concur with my colleagues, but only because I conclude that remand for consideration of a stay under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), would be futile. The District Court had no occasion to exercise its discretion to grant a stay, because it mistakenly identified Aruanno’s ineffective-assistance-of-counsel claims as procedurally barred rather than simply unexhausted.[6] Because consideration of a stay involves an inquiry into factual issues (e.g., the existence of good cause for failure to exhaust), and the record does not compel a conclusion that Aruanno is not entitled to a stay, I would generally remand the case to permit the District Court to evaluate the possibility of a stay in the first instance. See, e.g., Dolis v. Chambers, 454 F.3d 721, 722 (7th Cir.2006) (noting its prior order vacating dismissal of habeas petition by district court and remanding for consideration of possible stay); Akins v. Kenney, 410 F.3d 451, 456 (8th Cir.2005) (stating that petitioner “must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not ‘plainly meritless,’ and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay,” and therefore remanding “to permit the district court to exercise its discretion on this matter in the first instance within the framework set forth in Rhines v. Weber ”).
Here, however, the District Court has already rejected, in the course of its procedural-default analysis, the notion that Aruanno had good cause for failing to raise his ineffective-assistance-of-counsel claims earlier. J.A. 15. And given that Aruanno has raised substantially the same evidence of good cause on appeal as that previously available to the District Court (letters by Aruanno to the Court), I see no reason why the District Court would reconsider that conclusion on remand. In essence, a remand on the dispositive issue of good cause appears futile. Cf. Caver v. City of Trenton, 420 F.3d 243, 265 (3d Cir.2005) (remand of hostile work environment claim would be futile where fact-finder had already ruled on the determinative factual issue in the course of examining another cause of action).[7] Accordingly, I concur in the Court’s judgment.

. Aruanno's failure to pursue an avenue of relief in the state courts is merely a failure to exhaust, not a procedural bar — he has always been free to pursue state-court review of his ineffectiveness claims, and my colleagues offer no explanation to the contrary.

. As my colleagues point out, although Aruan-no (unbeknownst to the District Court when it filed its opinion in 2005) filed a post-conviction relief petition in state court in 2003, this petition did not contain any ineffective-assistance-of-counsel claims until 2007. Thus, it is *160 hard to imagine how the undisclosed state petition would have affected the District Court’s conclusion that Aruanno lacked good cause for failing to raise his ineffective assistance claims in a timely fashion.