# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2826

_____

Timothy Lamont Howard,

          Appellee,

v.

Larry Norris, Director, Arkansas
Department of Corrections,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*
\*

_____

Submitted: April 12, 2010
Filed: August 12, 2010

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Larry Norris, the Director of the Arkansas Department of Corrections, filed this interlocutory appeal of the district court's order staying Timothy Howard's federal habeas proceeding. The district court stayed the proceeding to give Howard a chance to return to state court to exhaust certain claims. Norris contends the district court abused its discretion in granting the stay because the unexhausted claims are procedurally defaulted, that is, Howard already had, and is limited to, one round of post-conviction review in state court. Norris therefore claims there is no presently available state court remedy for Howard to pursue his unexhausted claims. Howard responds, in part, by moving to dismiss this interlocutory appeal on the grounds we

lack jurisdiction. Howard contends the collateral order doctrine does not apply to this appeal because the disputed issue – whether Howard's unexhausted claims are procedurally defaulted – can be addressed in an appeal from a final order. We agree. We therefore grant Howard's motion to dismiss for lack of jurisdiction.

I

In 1999, an Arkansas jury found Howard guilty of two counts of capital murder and one count of attempted capital murder. Howard was sentenced to death. He filed a direct appeal in state court, which was unsuccessful. See Howard v. State, 79 S.W.3d 273 (Ark. 2002). He also sought post-conviction relief pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure, which was also unsuccessful. See Howard v. State, 238 S.W.3d 24 (Ark. 2006).

Howard filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His initial petition consisted of 309 pages. The district court determined it contained 160 grounds for relief, divided into twenty-three primary grounds for relief with many subordinate claims. The district court directed Howard to file an amended petition to more accurately determine the nature of each specific claim. In the amended petition, Howard asked for a "stay and abeyance" of the federal proceeding to give him a chance to return to state court and exhaust the claims that had not already been addressed in state court. See Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (outlining the stay-and-abeyance procedures available when a state prisoner files a "mixed" habeas petition containing both exhausted and unexhausted claims). Norris opposed the request for a stay and abeyance on the grounds that Rule 37.2(b) of the Arkansas Rules of Criminal Procedure prohibits successive post-conviction petitions, i.e., Howard's unexhausted claims were procedurally defaulted because he already had one round of post-conviction review. Howard countered by contending the Arkansas courts sometimes allow additional post-conviction review, especially in death penalty cases. See, e.g., Lee v. State, 238 S.W.3d 52, 54-55 (Ark. 2006) (setting

-2-

forth the criteria under which the Arkansas Supreme Court will recall a mandate and reopen a prisoner's post-conviction proceedings); see also Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995) ("If a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceeding should be . . . stayed while the claim is fairly presented to them.").

The district court concluded it would be a waste of judicial resources to hold an evidentiary hearing on the habeas petition until the stay-and-abey issue was resolved, and ordered Howard to file a statement listing the claims he believed had not been exhausted. The parties ultimately agreed that at least seven claims had not been exhausted in state court proceedings.[1] The district court determined there was a plausible argument that post-conviction proceedings remained available for Howard's unexhausted claims, i.e., the claims were not procedurally defaulted. The district court further determined Howard was eligible for the stay and abeyance procedure outlined by the Supreme Court in Rhines because (1) Howard had good cause for his failure to exhaust, (2) his unexhausted claims were potentially meritorious, and (3) he had not engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 278 (setting forth the three factors which guide a district court's decision to either grant or deny a stay). The district court then granted Howard's request for a stay and

---

[1]The seven claims both parties agree have not been exhausted in state court are: (1) a claim the jury was selected and retained on the basis of race; (2) a claim Howard was denied a right to a public trial when the trial court sealed the courtroom; (3) a claim defense counsel had a conflict of interest while representing Howard; (4) a claim of instructional error during the penalty phase regarding whether Howard might be released on parole if sentenced to life in prison rather than death; (5) alleged constitutional defects in the penalty phase verdict form; (6) a claim Howard is mentally retarded and thus cannot be executed; and (7) ineffective assistance of counsel claims involving Howard's post-conviction counsel. Notably, Howard's seventh claim (ineffective assistance of post-conviction counsel) is the same type of claim involved in Lee where the Arkansas Supreme Court granted a state prisoner additional post-conviction review. See Lee, 238 S.W.3d at 57-58 (involving a claim that post-conviction counsel was intoxicated during the Rule 37 proceedings).

abeyance of the federal habeas proceeding to allow Howard to return to state court to exhaust the seven claims.

Norris filed an interlocutory appeal pursuant to the collateral order doctrine. On appeal, Norris acknowledges he is not challenging the district court's decision as it relates to any of the three Rhines factors. Rather, Norris admits he only challenges the district court's determination that the seven claims at issue were not procedurally defaulted.

II

In general, the federal appellate courts only have jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under the collateral order doctrine, however, we also have jurisdiction over a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994) (internal quotation marks and citation omitted). The Supreme Court recently reiterated the limited scope of the collateral order doctrine, emphasizing the "small class" of collateral rulings to which it applies, and stressing that the exception must "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." Mohawk Indus., Inc. v. Carpenter, __ U.S. __, 130 S.Ct. 599, 605 (2009) (quoting Digital Equip., 511 U.S. at 868).

In order to file an interlocutory appeal under the collateral order doctrine, the decision appealed from must satisfy three requirements: (1) it must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) the decision must be effectively unreviewable on appeal from a final judgment. Id. (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 42 (1995)).

This appeal fails the third condition "because a district court's conclusion about whether a habeas claim has been exhausted is addressable on appeal after final judgment." Thompson v. Frank, 599 F.3d 1088, 1090 (9th Cir. 2010); cf. Turnage v. Fabian, 606 F.3d 933, 936-37 (8th Cir. 2010) (addressing a procedural default argument on the merits on appeal from a final judgment); Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (same).

Contrary to Norris's contention, our decision that we lack jurisdiction is not foreclosed by our prior decisions in Carmichael v. White, 163 F.3d 1044 (8th Cir. 1998), or Rhines v. Weber, 346 F.3d 799 (8th Cir. 2003), rev'd, 544 U.S. 269 (2005) (Rhines I). In Carmichael, we held an order holding a habeas petition in abeyance was appealable under the collateral order doctrine, identifying the disputed issue as "whether the district court may hold an unexhausted habeas petition in abeyance for ninety days." 163 F.3d at 1045. We interpret Carmichael as being concerned about the *delay* involved in a stay, because the delay itself cannot be undone on appeal from a final judgment. The Supreme Court has now definitively answered the disputed question involved in Carmichael, indicating district courts may hold petitions containing unexhausted claims in abeyance under limited circumstances, that is, when the three factors identified by the Supreme Court are present (good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and the petitioner is not engaging in abusive litigation tactics or intentional delay). Thus, Rhines effectively balances the state's interest in avoiding delay in a habeas proceeding, with the petitioner's (and the state's) interest in having habeas claims addressed first in state court. After Rhines, then, Carmichael's rationale for employing the collateral order doctrine is no longer applicable. Rather, Rhines conclusively decided a reasonable delay for a petitioner's trip to state court and back, to exhaust unexhausted claims, is justified in limited circumstances.

In Rhines I, we merely applied the holding in Carmichael to conclude "[w]e have jurisdiction under the collateral order doctrine to review an interlocutory order

holding a habeas petition in abeyance pending exhaustion of state court remedies." 346 F.3d at 799 (citing Carmichael, 163 F.3d at 1045). After the Supreme Court reversed and remanded, however, the issue ultimately addressed on appeal was whether the three factors identified by the Supreme Court as justifying a stay were present. See Rhines v. Weber, 409 F.3d 982, 983 (8th Cir. 2005) (Rhines II) (vacating the district court's decision and remanding the case for the district court to consider whether there was good cause for the failure to exhaust, whether the unexhausted claims were potentially meritorious, and whether the petitioner had engaged in abusive litigation tactics or intentional delay).

Significantly, in this appeal Norris does not challenge the district court's application of the three Rhines factors, and thus does not challenge the delay involved in the stay itself. Norris challenges the propriety of the stay only as it relates to the merits of whether the district court erred in concluding some of Howard's claims were unexhausted. Because such issue is one which can be addressed on appeal after final judgment, this interlocutory appeal does not satisfy the requirements of the collateral order doctrine.

III

We therefore dismiss this appeal for lack of jurisdiction.

_____