# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2858

———————

Roderick Leshun Rankin,      *
         *
     Appellee,      *
         *    Appeal from the United States
     v.      *    District Court for the
         *    Eastern District of Arkansas.
Larry Norris, Director, Arkansas      *
Department of Corrections,      *    [UNPUBLISHED]
         *
     Appellant.

———————

Submitted: September 21, 2010
Filed: October 8, 2010

———————

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Larry Norris, the Director of the Arkansas Department of Corrections, filed this interlocutory appeal of the district court's[1] order staying Roderick Rankin's federal habeas proceeding. The district court stayed the proceeding to give Rankin a chance to return to state court to exhaust certain claims. Norris filed this interlocutory appeal pursuant to the collateral order doctrine. On appeal, Norris contends the district court abused its discretion in granting the stay because the unexhausted claims are

———————

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

procedurally defaulted, that is, Rankin already had, and is limited to, one round of post-conviction review in state court. Norris, therefore, claims there is no presently available state court remedy for Rankin to pursue his unexhausted claims. We dismiss this appeal for lack of jurisdiction.

After careful review of the record, we find that the facts presented here are indistinguishable from those in a case recently decided by us. In <u>Howard v. Norris</u>, No. 09-2826, 2010 WL 3168468, at *3–4 (8th Cir. Aug. 12, 2010), we held we do not have jurisdiction to review an interlocutory appeal challenging the propriety of a stay "only as it relates to the merits of whether the district court erred in concluding some of [the petitioner's] claims were unexhausted. Because such issue is one which can be addressed on appeal after final judgment, this interlocutory appeal does not satisfy the requirements of the collateral order doctrine."

Accordingly, we dismiss this appeal for lack of jurisdiction.

_____