FILED
United States Court of Appeals
Tenth Circuit

May 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TODD DEAL,

      Petitioner - Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility; STEPHEN SIX,
Attorney General, State of Kansas,

      Respondents - Appellees.

No. 10-3324
(D.C. No. 05:08-CV-03162-WEB)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Todd Deal, a Kansas state prisoner, wants to appeal from the district court's denial

of his 28 U.S.C. § 2254 habeas petition.  His habeas petition was based upon myriad

claims of constitutional violations.  The district court denied both his petition and a

Certificate of Appealability (COA).  Because the district court's decision is not debatable

or wrong, we deny his request for a COA.

## I.    BACKGROUND

In early 1999, Deal was convicted of first degree premeditated murder and

sentenced to life imprisonment with eligibility for parole after 25 years.  The Kansas

Supreme Court affirmed his conviction.[1]  *See State v. Deal*, 23 P.3d 840 (Kan. 2001).

Deal then applied for a state writ of habeas corpus pursuant to Kan. Stat. Ann. § 60-1507,

claiming ineffective assistance of counsel.  The trial court denied his petition, the Kansas

Court of Appeals affirmed, and the Kansas Supreme Court denied review.[2]  *See Deal v.*

*State*, 110 P.3d 1053 (Kan. Ct. App. 2005).

Deal then brought this federal habeas action claiming (in his words):

1. Violation of the Fifth and Fourteenth Amendments resulting from the denial of his request for a mistrial after the State played a videotape for the jury in which it showed Deal refusing a polygraph examination when questioned by police;

2. Violation of the Fifth and Fourteenth Amendments flowing from the denial of Deal's request to play for the jury a videotaped interview made by police of the person Deal contended committed the murder;

3. Violation of the Fifth and Fourteenth Amendments by allowing the introduction of overwhelmingly prejudicial and irrelevant evidence, specifically, a gruesome photograph of the victim;

---

[1] The Kansas Supreme Court affirmed Deal's conviction by a 4-3 decision.  This narrow affirmance resulted from the minority's view that Deal deserved a new trial because of the admission of evidence concerning "[Deal's] refusal to take a lie detector test."  *Deal*, 23 P.3d at 855.  The majority, however, concluded Deal had "failed to show substantial prejudice by the isolated reference to the polygraph examination."  *Id.* at 849.

[2] Deal subsequently filed a motion to correct his sentence pursuant to Kan. Stat. Ann. § 22-3504.  The motion was denied by the trial court and affirmed by the Kansas Supreme Court.  *See State v. Deal*, 186 P.3d 735 (Kan. 2008).  During the pendency of the motion to correct his sentence, Deal filed a § 2254 habeas petition, which was dismissed by the district court for being untimely.  *Deal v. McKune*, No. 06-3053-SAC, 2006 WL 3497765 (D. Kan. Dec. 4, 2006).  On appeal we reversed because the Kansas Supreme Court had allowed Deal to docket, out of time, his appeal from the denial of his motion to correct sentence; since that appeal was currently pending in state court, the statute of limitations had not expired.  *See Deal v. McKune*, 244 Fed. App'x 185 (10th Cir. 2007).  On remand, the district court dismissed Deal's § 2254 petition without prejudice.  *See Deal v. McKune*, No. 06-3053, 2007 WL 4180392 (D. Kan. Nov. 21, 2007).

4. Violation of the Fifth and Fourteenth Amendments due to the refusal to instruct the jury on the crime of "aiding a felon" as a defense, as that was the only crime for which he could be found guilty based on the evidence adduced at trial;

5. Violation of the Fourth, Fifth and Fourteenth Amendments due to the allowance of evidence at trial of Deal's videotaped statement to police which was taken without the presence of counsel or the administration of *Miranda*[3] warnings;

6. Violation of the Fifth, Sixth and Fourteenth Amendments by allowing the State to introduce testimony – over a hearsay objection - from the victim's father about statements the victim purportedly made to him weeks before her disappearance about an unrelated incident supposedly commented upon by Deal;

7. Violation of the Fifth and Fourteenth Amendments by allowing the State to introduce testimony – over an objection based on K.S.A. § 60-455 (other prior bad acts) - from the victim's father about statements the victim purportedly made to him weeks before her disappearance about an unrelated incident supposedly commented upon by Deal;

8. Violation of the Fifth and Fourteenth Amendments by allowing the State to charge first degree murder with the additional element of "by suffocation, drowning and/or strangulation" but then not holding the State to its burden of proof on that element; and

9. Ineffective assistance of trial counsel in violation of Deal's Fifth, Sixth and Fourteenth Amendment rights.

(R. Vol. I at 14-17.) In a thorough and cogent decision, the district court evaluated each claim and denied relief.

In his application for COA to this Court, Deal raises five issues: 1) Violation of the Confrontation Clause due to the admission of hearsay testimony, namely, statements the deceased victim made to her father; 2) Violation of Due Process resulting from the jury being shown a video of Deal refusing to take a polygraph test; 3) Violation of the right against self-incrimination due to admission into evidence of videotaped statements

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

made by Deal in violation of his *Miranda* rights; 4) Violation of Due Process based on the refusal to allow Deal to show the jury a police interrogation videotape of the person Deal claims committed the murder; and 5) Ineffective assistance of counsel due to trial counsel's failure to properly advise Deal of his right to testify in his own defense.

## II.    DISCUSSION

The parties are well aware of the facts and the district court's analysis, neither of which we repeat.  A COA may be issued only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Deal's COA application amounts to arguments made to, and correctly rejected by, several state and federal courts.  Nevertheless, we have carefully reviewed the district court's thorough and cogent analysis of the issues raised.  Our study of the record and relevant law fully satisfies us that reasonable jurists would not find the district court's assessment of Deal's constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The application for a COA is **DENIED** and this matter is **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge